[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence 17 April 1991 Date of Application 22 April 1991 Date Application Filed 22 April 1991 Date of Decision 28 September 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield at Bridgeport. Docket No. 34,703.
William Holden, Esq. Defense counsel for the petitioner
Jonathan Benedict, Esq. Ass't. State's Atty. for the State.
BY THE DIVISION
The petitioner was convicted by trial by jury of Attempted Assault in the 2nd degree in violation of Conn. Gen. Stat. 53a-49, 53a-60(a) and Carrying a Pistol Without a Permit, in violation of Conn. Gen. Stat. 29-35. On the Assault charge he was sentenced to five years to serve. On the Pistol charge he was sentenced to five years execution suspended after three with 3 years probation. The sentences were to run consecutively for a total effective sentence of ten years execution suspended after eight years with probation for three years.
The factual basis as indicated in the record is that petitioner was in a stolen automobile in which the police were in pursuit. When the car came to a halt, the petitioner fled and while in the act of fleeing he fired on the police. As a result of that exchange of gunfire, the petitioner was seriously wounded.
At the hearing the counsel for the petitioner claimed that the sentence imposed by the court was excessive. He claimed that the high end of the sentencing range should be reserved for those with prior offenses. Counsel wanted the panel to reduce the sentence imposed to that which was recommended by the pre-sentence report which stated "a marginally effective period of incarceration be imposed to be followed by an extended period of community supervision."
Counsel for the state noted that the petitioner fired a weapon at a police officer in the performance of his duties. He felt the sentence was appropriate for the crimes and noted to the panel that the court did not sentence the petitioner to the maximum allowable by law.
In reviewing the statements in the record of the sentencing judge, we find a sensitive and articulate discussion of the facts, the findings of the jury and an understanding of the hurt the petitioner has caused his mother. The court, when sentencing, remarked: "Society just should not have to tolerate people in this age shooting a [at] police officers. It is simply not a crime that society can fail to respond to, unless it wants to go to complete CT Page 9889 anarchy."
We find that the sentence of the court was appropriate in accordance with the requirements of Practice Book 942.
The sentence is affirmed.
Norko, J.
Klaczak, J.
Purtill, J.
Purtill, Klaczak and Norko, J.s., participated in this hearing and decision.